IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SUE ANN MARTINEZ, on her own behalf and as Administrator for the Estate of JOSE ALFRED MARTINEZ, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CITY OF WAUKEGAN, and OFFICER KEN PITON | ) ) ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, SUE ANN MARTINEZ, on her own behalf and as Administrator for the Estate of her deceased husband, JOSE ALFRED MARTINEZ, and complaining of Defendants, CITY OF WAUKEGAN and OFFICER KEN PITON.

### Introduction

1. This action, arising out of the death of Jose Alfred Martinez ("Decedent") caused by Officer Ken Piton's use of excessive force, is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Decedent's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

### The Parties

3. Decedent, Jose Alfred Martinez, was a lifelong resident of Waukegan, Lake

County, Illinois. He was married to Sue Ann Martinez and together they had three sons.

4. The individual Waukegan police officer Ken Piton ("Defendant Officer") was, at the time of this occurrence, a Waukegan Police Officer. He engaged in the conduct complained of while on duty in the course and scope of his employment and under color of law. He is sued in his individual capacity.

5. Defendant City of Waukegan, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, which operates the Waukegan Police Department.

**Background**

6. On or about the night of May 29, 2010, Jose Alfred Martinez was in the parking lot in the area of 2300 Grand Avenue in Waukegan, Illinois when he was approached by Waukegan police officers including Defendant Officer.

7. Jose Alfred Martinez was unarmed and walking toward Officer Ken Piton when Officer Piton tasered Jose Alfred Martinez twice.

8. The amount of force used by Officer Piton was unnecessary and excessive. Even after Mr. Martinez had been debilitated by the first taser, Defendant Piton again tasered Mr. Martinez in the chest area.

9. Mr. Martinez died as a result of the Defendant Officer Piton's use of excessive force.

**Count I – 42 U.S.C. § 1983**
**Fourth Amendment – Excessive Force**

10. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

11. As described in the preceding paragraphs, the conduct of Defendant Officer Piton, acting under color of law, constituted excessive force in violation of the United States

Constitution.

12. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Decedent's constitutional rights.

13. As a result of the Defendant Officer's unjustified and excessive use of force, Decedent experienced conscious pain and suffering, his Estate has incurred funeral expenses and Plaintiff has suffered injury and emotional distress, including loss of society and companionship.

### Count II – State Law Claim
### Wrongful Death – Battery

14. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

15. As described more fully in the preceding paragraphs the actions of the Defendant Officer constituted offensive physical contact made without the consent of Decedent.

16. The Defendant Officer's actions were undertaken intentionally, willfully and wantonly or were willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

17. The Defendant Officer's conduct was the proximate cause of Decedent's great bodily harm and death, as well as Plaintiff's great pain and suffering.

18. As a result of the Defendant Officer's actions, the Estate has incurred funeral expenses and suffered injury, including loss of society and companionship.

### Count III – State Law Claim
### Survival Action – Battery

19. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

20. As described more fully in the preceding paragraphs, in restraining Decedent, the actions of the Defendant Officer constituted offensive physical contact made without the consent of Decedent.

21. The Defendant Officer's actions were undertaken intentionally, willfully and wantonly or were willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

22. As a result of the Defendant Officer's actions, Decedent experienced conscious pain and suffering, and then death.

### Count IV – State Law Claim
### 745 ILCS 10/9-102

23. Plaintiff realleges paragraphs 1 through 50 above, as if fully set forth here.

24. Defendant City of Waukegan is the employer of the Defendant Officer.

25. The Defendant Officer committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Waukegan.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and, because the Defendant Officer acted maliciously, wantonly, or oppressively, Plaintiff seeks punitive damages against the individual Defendant Officer in his individual capacity, plus the costs of this action and attorneys' fees, and such other and additional relief as this court deems equitable and just.

    RESPECTFULLY SUBMITTED,

    /s/ Christopher R. Smith
       Attorney for Plaintiff

Christopher Smith
Robert Johnson
Amanda Antholt
James Baranyk
Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
(312) 432-0400