IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUE ANN MARTINEZ, on her own behalf and as Administrator for the Estate of JOSE ALFRED MARTINEZ, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF WAUKEGAN, and OFFICER KEN PITON, <br><br> Defendants. | No. 10-07736 <br><br> Judge Elaine Bucklo |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, CITY OF WAUKEGAN, and OFFICER KEN PITON, by and through their attorneys, Ellen K. Emery and Jody Knight of the law firm of Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.,, and for their Answer to Plaintiff's Complaint, state as follows:

### INTRODUCTION

1. This action, arising out of the death of Jose Alfred Martinez ("Decedent") caused by Officer Ken Piton's use of excessive force, is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Decedent's rights as secured by the United States Constitution.

**ANSWER**: Defendants admit this cause of action is brought pursuant to 42 U.S.C. Section 1983. Defendants deny the remaining allegations of Paragraph 1.

1

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**ANSWER**: Defendants admit the allegations of Paragraph 2.

## THE PARTIES

3.  Decedent, Jose Alfred Martinez, was a lifelong resident of Waukegan, Lake County, Illinois. He was married to Sue Ann Martinez and together they had three sons.

**ANSWER**: Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 3.

4.  The individual Waukegan police officer Ken Piton ("Defendant Officer") was, at the time of this occurrence, a Waukegan Police Officer. He engaged in the conduct complained of while on duty in the course and scope of his employment and under color of law. He is sued in his individual capacity.

**ANSWER**: Defendants deny that Officer Ken Piton engaged in the conduct complained of other than as admitted elsewhere in this Answer. Defendants admit the remaining allegations of Paragraph 4.

5.  Defendant City of Waukegan, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, which operates the Waukegan Police Department.

**ANSWER**: Defendants admit the allegations of Paragraph 5.

## BACKGROUND

6. On or about the night of May 29, 2010, Jose Alfred Martinez was in the parking lot in the area of 2300 Grand Avenue in Waukegan, Illinois when he was approached by Waukegan police officers including Defendant Officer.

**ANSWER**: Defendants deny that Martinez was approached by Waukegan police officers including Defendant Officer. Defendants admit the remaining allegations of Paragraph 6.

7. Jose Alfred Martinez was unarmed and walking toward Officer Ken Piton when Officer Piton tasered Jose Alfred Martinez twice.

**ANSWER**: Defendants admit the allegations of Paragraph 7.

8. The amount of force used by Officer Piton was unnecessary and excessive. Even after Mr. Martinez had been debilitated by the first taser, Defendant Piton again tasered Mr. Martinez in the chest area.

**ANSWER**: Defendants deny the allegations of Paragraph 8.

9. Mr. Martinez died as a result of the Defendant Officer Piton's use of excessive force.

**ANSWER**: Defendants deny the allegations of Paragraph 9.

## Count I – 42 U.S.C. § 1983
## Fourth Amendment – Excessive Force

10. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:** Defendants' answers to the foregoing Paragraphs are incorporated as if restated fully herein.

11. As described in the preceding paragraphs, the conduct of Defendant Officer Piton, acting under color of law, constituted excessive force in violation of the United States Constitution.

**ANSWER**: Defendants deny the allegations of Paragraph 11.

12. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Decedent's constitutional rights.

**ANSWER**: Defendants deny the allegations of Paragraph 12.

13. As a result of the Defendant Officer's unjustified and excessive use of force, Decedent experienced conscious pain and suffering, his Estate has incurred funeral expenses and Plaintiff has suffered injury and emotional distress, including loss of society and companionship.

**ANSWER**: Defendants deny the allegations of Paragraph 13.

## Count II – State Law Claim
## Wrongful Death – Battery

14. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants' answers to the foregoing Paragraphs are incorporated as if restated fully herein.

15. As described more fully in the preceding paragraphs the actions of the Defendant Officer constituted offensive physical contact made without the consent of Decedent.

**ANSWER**: Defendants deny the allegations of Paragraph 15.

16. The Defendant Officer's actions were undertaken intentionally, willfully and wantonly or were willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

**ANSWER**: Defendants deny the allegations of Paragraph 16.

17. The Defendant Officer's conduct was the proximate cause of Decedent's great bodily harm and death, as well as Plaintiff's great pain and suffering.

**ANSWER**: Defendants deny the allegations of Paragraph 17.

18. As a result of the Defendant Officer's actions, the Estate has incurred funeral expenses and suffered injury, including loss of society and companionship.

**ANSWER**: Defendants deny the allegations of Paragraph 18.

### Count III – State Law Claim
### Survival Action – Battery

19. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: Defendants answers to the foregoing Paragraphs are incorporated as if restated fully herein.

20. As described more fully in the preceding paragraphs, in restraining Decedent, the actions of the Defendant Officer constituted offensive physical contact made without the consent of Decedent.

**ANSWER**: Defendants deny the allegations of Paragraph 20.

21. The Defendant Officer's actions were undertaken intentionally, willfully and wantonly or were willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

**ANSWER**: Defendants deny the allegations of Paragraph 21.

22. As a result of the Defendant Officer's actions, Decedent experienced conscious pain and suffering, and then death.

**ANSWER**: Defendants deny the allegations of Paragraph 22.

**Count IV – State Law Claim**
**745 ILCS 10/9-102**

23. Plaintiff realleges paragraphs 1 through 50 above, as if fully set forth here.

**ANSWER**: Defendants answers to Paragraphs 1 through 22 are incorporated as if fully restated herein.

24. Defendant City of Waukegan is the employer of the Defendant Officer.

**ANSWER**: Defendants admit the allegations of Paragraph 24.

25. The Defendant Officer committed the acts alleged above under color of law and in the scope of his employment as an employee of the City of Waukegan.

**ANSWER**: Defendants deny the allegations of Paragraph 25.

## AFFIRMATIVE DEFENSES

Without prejudice to their prior denials, Defendants state the following as their Affirmative Defenses:

1. Defendant Piton has qualified immunity for all of plaintiff's federal claims in that the law was not clearly established that any of his actions violated plaintiff's decedent's constitutional rights.

2. Plaintiff's decedent's own fault contributed in whole or in part to any injuries that he suffered so that the state law claims are barred, or in the alternative, any amounts awarded to plaintiff under her state law claims must be reduced in accordance with plaintiff's decedent's relative degree of fault.

3. Defendant Piton is immune from liability for punitive damages for any state law claims pursuant to Section 2-102 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") 745 ILCS 10/2-102.

4. Defendant Piton is immune from liability from any state law claims under Section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201).

5. Defendant City of Waukegan is immune from liability from all state law claims pursuant to Section 2-201 under Section 2-102 of the Tort Immunity Act (745 ILCS 10/2-109).

WHEREFORE, Defendants, City of Waukegan and Office Ken Piton, pray this court enter judgment in their favor and against plaintiff.

/s/ Ellen K. Emery

Ellen K. Emery (ARDC #6183693)
Jody Knight (ARDC #6286610)
***ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.***
Attorney for Defendant
140 South Dearborn Street, 6th Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax
eemery@ancelglink.com
jknight@ancelglink.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on February 10, 2011, the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

Christopher Smith
Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
chris@lawsja.com

Robert Johnson
Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
rj@lawsja.com

Amanda Antholt
Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
amanda@lawsja.com

James Baranyk
Smith, Johnson & Antholt, LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
james@lawsja.com

/s/ Ellen K. Emery
ELLEN K. EMERY, (ARDC# 6183693)
JODY KNIGHT, (ARDC#6286610)

One of the attorneys for Defendants
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI
& KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone: (312) 782-7606
Facsimile: (312) 782-0943
E-Mail: eemery@ancelglink.com

\\agdom1\files\Users\DHincks\Mydocs\Hincks\City of Waukegan\Martinez\Answer to Complaint.doc  3442538.0014

9